# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TONY MALDONADO,

            Plaintiff,

v.

                                               Case No. 3:23-cv-42-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

            Defendant.

_____/

## **OPINION AND ORDER**[2]

## **I.  Status**

      Tony Maldonado ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff alleges an inability to work as the result of knee, ankle, and back problems. Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed March 10, 2023, at 51-52, 62-63, 84, 101, 318.

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 11), filed March 10, 2023; Reference Order (Doc. No. 14), entered March 13, 2023.

On December 19, 2019, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of December 1, 2018.[3] Tr. at 260-64, 280-81 (DIB), 266-75, 286-92 (SSI). The applications were denied initially, Tr. at 51-61, 73, 75, 77, 129-41 (DIB); Tr. at 62-72, 74, 79, 81, 142-54 (SSI), and upon reconsideration, Tr. at 100-16, 117, 119, 121, 156-68 (DIB); Tr. at 83-99, 118, 122, 124, 169-81 (SSI).[4]

On July 27, 2021, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). [5] Tr. at 31-50. On April 13, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-24.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by his counsel in support. Tr. at 4-5 (Appeals Council exhibit list and order), 258-59 (request for review), 547-48 (brief). On November 16, 2022, the Appeals Council denied Plaintiff's request

---

[3] The DIB application was actually completed on December 12, 2019 and submitted on a date unknown, possibly December 20, 2219. See Tr. at 264, 280. The SSI application was actually completed on December 12, 2019 and submitted on a date unknown, possibly March 5, 2020. See Tr. at 275, 286. The protective filing date for both applications is listed elsewhere in the administrative transcript as December 19, 2019. See Tr. at 51, 101 (DIB), 62, 84 (SSI).

[4] Some of the cited documents are duplicates.

[5] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the initial stages of the COVID-19 pandemic. Tr. at 34, 186-99, 242-43.

for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On January 11, 2023, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues that the residual functional capacity ("RFC") "was not supported by substantial evidence because [the ALJ] failed to properly evaluate the opinion of [Neal] Verma[, M.D.]" Plaintiff's Memorandum of Law (Doc. No. 18; "Pl.'s Mem."), filed May 25, 2023, at 8 (emphasis omitted). On June 22, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") addressing Plaintiff's argument. Then, as permitted, on July 6, 2023, Plaintiff's Reply to Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Reply"), was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining

---

[6]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

(Continued…)

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 18-23. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 1, 2018, the alleged onset date." Tr. at 18 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease (DDD), osteoarthritis (OA) of the knees, and obesity." Tr. at 18 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr.

---

to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

at 18 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except with the following limitations. [Plaintiff] . . . can occasionally lift and carry up to 20 pounds but cannot lift and carry any weight frequently; can sit for up to 6 hours; stand for up to 4 hours; and walk for up to 4 hours in an 8-hour workday. He must be able to use a hand-held assistive device (HHAD) for all ambulation for a distance of more than 10 feet. He can occasionally reach, push, and pull and can frequently handle, finger, and feel with the bilateral upper extremities. He can frequently operate foot controls and push and pull with the bilateral lower extremities. He can never climb, stoop, kneel, crouch, or crawl and never be exposed to unprotected heights or moving mechanical parts. He can occasionally operate a motor vehicle and can frequently be exposed to humidity and wetness, dust, odors, fumes, pulmonary irritants, extreme cold, extreme heat, and vibrations and can work in an environment with no more than loud noise.

Tr. at 19 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "construction worker" and a "diesel mechanic." Tr. at 21-22 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 22-23. After considering Plaintiff's age ("50 years old . . . on the alleged disability onset date"), education ("a limited education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 23 (emphasis omitted), such as "Counter Clerk,"

"Inspector," and "Account Investigator." Tr. at 23. The ALJ concluded Plaintiff "has not been under a disability . . . from December 1, 2018, through the date of th[e D]ecision." Tr. at 23 (emphasis and citation omitted).

## III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is

supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff contends the ALJ erred in evaluating the "opinion" of examining physician, Dr. Verma, that Plaintiff is "not capable of work related duties." Pl.'s Mem. at 8-14; Tr. at 626. According to Plaintiff, the ALJ's analysis of the opinion's supportability is flawed, and the ALJ failed altogether to analyze its consistency with other evidence in the record. <u>Id.</u>; Reply at 2-4. Plaintiff also argues that, to the extent Dr. Verma's opinion is lacking in specific functional limitations, the ALJ's failure to recontact Dr. Verma for clarification was in error because the record contains an evidentiary gap resulting in prejudice. Pl.'s Mem. at 12-13; Reply at 4-5.

Responding, Defendant argues that Dr. Verma's statement concerns the ultimate question of disability, and that question is reserved to the Commissioner. Def.'s Mem. at 5-6. Thus, according to Defendant, the ALJ did not have to provide any explanation of how that statement was considered. <u>Id.</u> In the event the statement is deemed an opinion on work-related functional abilities, Defendant argues the ALJ properly evaluated it under applicable Regulations. <u>Id.</u> at 6-10. As to Plaintiff's argument that the ALJ should have recontacted Dr. Verma, Defendant asserts the ALJ had no duty to do so, and in

any event, Plaintiff has not demonstrated any unfairness or clear prejudice to warrant remand. Id. at 10-14.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[7] "Because section 404.1520c falls within the

---

[7]    Plaintiff filed his applications after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." <u>Harner v. Soc. Sec. Admin., Comm'r</u>, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[8]

---

[8]     When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she]

(Continued...)

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)); see Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 (11th Cir. 2015) (citing Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) (per curiam)). This requires an ALJ to "scrupulously and conscientiously probe into,

---

considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

inquire of, and explore for all relevant facts." Henry, 802 F.3d at 1267 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(a), (c)). To remand for failure to develop evidence, the record must contain "evidentiary gaps which result in unfairness or clear prejudice." Henry, 802 F.3d at 1267 (quoting Brown, 44 F.3d at 935).

At issue are the August 15, 2020 report and findings of Dr. Verma that followed a one-time consultative examination. See Tr. at 621-27. The report contains a mix of findings, many of which are normal. Tr. at 621-27. Noteworthy as abnormal findings are Plaintiff's walking with an "[a]ntalgic gait" and inability "to maintain station due to back pain." Tr. at 624. Additionally, there are a number of less than normal range of motion findings. Tr. at 624-25. As far as limitations, Dr. Verma stated "any prolonged position (sitting, standing, walking) causes pain somewhere for the patient." Tr. at 626. Dr. Verma indicated that Plaintiff "has not been able to remain gainfully employed, and therefore, he has no health insurance." Tr. at 626. According to Dr. Verma, "Without access to healthcare providers, his condition will likely deteriorate further. He is not capable of work related duties." Tr. at 626.

The ALJ in the Decision addressed the matter as follows:

11

Dr. Verma noted [Plaintiff] is not capable of work-related duties. This opinion is not persuasive, as Dr. Verma did not provide any explanation as to the examination findings or evidence of record that supports this opinion. Dr. Verma noted obesity, pain and spasm of the lumbar spine, and swelling with decreased range of motion of the knees (left worse than right) and ankles (right worse than left). Lower extremity strength was normal, and he was able to squat to 15 degrees only. He could not walk on his heels due to pain and had an antalgic gait. The lifting and carrying limitations, along with the postural limitations and allowance for use of cane adequately addresses these abnormal examination findings. Furthermore, this is supported by [Plaintiff's] conservative course of treatment and radiological findings, though the undersigned acknowledges [Plaintiff's] report that a total knee replacement has been recommended but not performed due to lack of insurance coverage. Dr. Verma's blanket statement that [Plaintiff] is not capable of work related duties, without any indication of the specific functional limitations, is therefore, not persuasive.

Tr. at 21 (citation omitted).

The ALJ did not err in addressing Dr. Verma's opinion. To the extent Dr. Verma opined in a conclusory fashion that Plaintiff is not capable of work-related duties, the ALJ was not obliged to accept that statement because it concerns the ultimate issue of ability to work that is reserved to the Commissioner.[9] See 20 C.F.R. §§ 404.1520b(c)(3)(i), 416.920b(c)(3)(i) (listing as

---

[9]      Plaintiff argues that the ALJ did not himself make this finding, so the Court should not accept Defendant's post hac rationalization. Reply at 1-2. Although it is accurate that the ALJ did not make the finding in so many words, the ALJ's observation that Dr.

(Continued...)

12

evidence that is inherently neither valuable nor persuasive and therefore not requiring analysis: "Statements on issues reserved to the Commissioner," including "Statements that you are or are not . . . able to perform regular or continuing work"). Even if the ALJ were required to analyze Dr. Verma's statements on Plaintiff's ability to work, the ALJ's analysis makes clear that he took into account and explained the consistency and supportability factors, 20 C.F.R. § 404.1520c(b)(2), as well as the others, in arriving at his conclusions. The ALJ's findings are supported by substantial evidence and need not be disturbed.

Moreover, the ALJ did not err in electing not to recontact Dr. Verma. Although an ALJ may elect to recontact a medical source for clarification when necessary for development of a full and fair record, here, that was not necessary. The ALJ had Dr. Verma's clear and thorough report on Plaintiff's complaints, examination findings, alleged symptoms, and assessment of diagnoses. Although Dr. Verma neglected to provide specific work-related functional limitations, the objective findings made in the report were of evidentiary significance, together with the rest of the administrative transcript. Further, Plaintiff underwent another consultative examination almost a year after Dr.

---

Verma's opinion was a "blanket statement . . . without any indication of specific functional limitations," Tr. at 21, when considered together with the applicable Regulation, is tantamount to finding that Dr. Verma's statement is an issue reserved to the Commissioner.

Verma's (in September 2021), that the ALJ considered and discussed in detail. See Tr. at 20, 21 (ALJ discussing second consultative examination). The second examiner did provide specific work-related functional limitations. See Tr. at 20, 21 (ALJ discussing same). So, even if the ALJ neglected the duty to develop a full and fair record with respect to Dr. Verma, the record does not contain evidentiary gaps that result in unfairness or clear prejudice.  Remand is not required.

## V.  Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 13, 2024.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

14